# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) RUSSELL FOSTER, and, <br> (2) LOIS FOSTER, husband and wife, <br><br> Plaintiffs, <br><br> vs. <br><br> (1) EXXON MOBIL CORPORATION, a New Jersey corporation, and <br> (2) DUKE ENERGY FIELD SERVICES, L.P., a Delaware limited partnership, <br><br> Defendants. | Case No. CIV-05-01228-M <br> Judge Vicki Miles-LaGrange |

## DEFENDANT EXXON MOBIL CORPORATION'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Defendant Exxon Mobil Corporation ("ExxonMobil") moves this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, to grant it partial summary judgment on Plaintiffs' claims for injury to their land (the "Property").

## SUMMARY OF EXXONMOBIL'S POSITION

If Plaintiffs are entitled to relief from either Defendant, Plaintiffs' damages are limited to the Property's fair market value. Plaintiffs cannot maintain a claim for unjust enrichment or trespass. Plaintiffs are not entitled to a jury instruction on punitive damages. In support of this Motion[1], ExxonMobil presents its Argument and Authorities and also adopts and incorporates by reference the relief requested,

---

[1] Discovery is not complete but ExxonMobil files this Motion to comply with the Court's Scheduling Order and ExxonMobil reserves the right to supplement this Motion and Brief.

the arguments and the authorities advanced in the Motion for Partial Summary Judgment filed by Duke Energy Field Services.

## STATEMENT OF UNDISPUTED FACTS

1. Plaintiffs Russell and Lois Foster own a 312-acre tract farm and ranch ("the Property") located in Section 5, Township 4 North, Range 6 West, and Section 32, Township 5 North, Range 6 West, Grady County, Oklahoma. (Plaintiffs' Complaint at ¶ 5).

2. The Hughes Compressor Station is a gas processing and transportation facility located in rural Grady County, Oklahoma, and is an active facility that is part of the Chitwood Gas Gathering System. (Plaintiffs' Complaint at ¶ 6).

3. The Hughes Compressor Station is located on land adjoining the Property owned by the Plaintiffs. (Plaintiffs' Complaint at ¶ 6).

4. ExxonMobil's predecessor, Mobil Oil Corporation, owned and operated the Hughes Compressor Station from 1980 until 1996. (Plaintiffs' Complaint at ¶ 7).

5. In 1996, ExxonMobil conveyed certain oil and gas properties, including the Hughes Compressor Station, to the predecessor of Defendant, Duke Energy Field Services. (Plaintiffs' Complaint at ¶ 9 and Duke Energy Field Services' Answer at ¶9).

6. The current owner and operator of the Hughes Compressor Station is Duke Energy Field Services. (Plaintiffs' Complaint at ¶ 11).

## ARGUMENT AND AUTHORITIES

I. PLAINTIFFS' DAMAGES ARE LIMITED TO THE DIMINUTION IN VALUE OF THEIR PROPERTY AND PLAINTIFFS ARE NOT ENTITLED TO A JURY INSTRUCTION ON PUNITIVE DAMAGES.

If this Court finds the Plaintiffs may assert a claim against ExxonMobil, this Court should rule, as a matter of law, that Plaintiffs' damages are limited to the diminution in value of the Property.

A. DEFINING AND CALCULATING TEMPORARY AND PERMANENT DAMAGES.

Damages for injury to real property are characterized by whether they are permanent or temporary. "Damages reasonably incapable of abatement are permanent."[2] Damages for permanent injury to real property are calculated by determining the fair market value of the subject property before the injury, less the fair market value of the property after the injury:

> [W]here damages are of a permanent nature, the measure of damage is the difference between the actual value immediately before and immediately after the damage is sustained.[3]

Damages for temporary injury to real property are calculated by determining the reasonable cost of restoring and repairing the property to its pre-injury condition.

> Where property can be repaired and substantially restored to its former condition, the measure of damage is the reasonable cost of repairing the damage and restoring it to its former condition.[4]

---

[2] *Briscoe v. Harper Oil Co.*, 1985 OK 43, 702 P.2d 33 (Okla. 1985). (Temporary damages in the context of oil and gas are by definition abatable.)

[3] *Schneberger v. Apache Corp.*, 1994 OK 117, 890 P.2d 847 (Okla. 1994), citing *Mid-Continent Petroleum Corporation v. Fisher*, 183 Okla. 638, 84 P.2d 22 (Okla. 1938); *City of Stillwater v. Cundiff,* 184 Okla. 375, 87 P.2d 947 (Okla. 1939); *Oden v. Russell*, 207 Okla. 570, 251 P.2d 184 (Okla. 1952).

[4] *Schneberger v. Apache Corp.*, 1994 OK 117, 890 P.2d 847 (Okla. 1994), citing *Ellison v. Walker*, 281 P.2d 931 (Okla. 1955).

B.  PLAINTIFFS' DAMAGES ARE LIMITED TO THE DIMINUTION IN VALUE OF THEIR PROPERTY.

The Oklahoma Supreme Court in *Schneberger v. Apache* has clearly identified the proper measure of damages applicable to claims for damage for remediation of real property, stating, "Oklahoma case law has limited recovery of repair and restoration costs so that recovery cannot exceed the depreciated value of the land itself."[5]  In *Schneberger*, the Oklahoma Supreme Court has identified several reasons why the cost of remediation cannot exceed the diminution in value of the property itself. First, the cost of the remedy cannot be "grossly disproportionate" to the benefit derived from the remedy:

> Where it appears that the cost of remedying the defects is **grossly disproportionate** to the **benefits** to be derived therefrom, the owner is entitled to recover the difference between the value of the property as it would have been if the contract had been performed according to its terms and the value in its condition as constructed."[6]

Second, the "Cost of Performance" (remediation) cannot be greater than the value of the property itself:

> Under the 'cost of performance' rule, plaintiffs might recover an amount about nine times the total value of their farm. Such would seem to be 'unconscionable and grossly oppressive damage, contrary to substantial justice' within the meaning of the statute. Also, it can hardly be denied that if plaintiffs here are permitted to recover under the 'cost of performance' rule, they will receive a greater benefit from the breach than could be gained from full performance. In other words, 'plaintiff is not to be put in a better position than it would have been if the defendant had performed the terms of the lease.'[7]

---

[5]  *Schneberger* at ¶11, citing *Peevyhouse v. Garland Coal & Mining Co.*, 382 P.2d 109, 114 (Okla. 1962) cert. denied, 375 U.S. 906, 84 S. Ct. 196, 11 [890 P.2d 850] L.Ed.2d 145 (1963).

[6]  *Schneberger, supra*, citing *H.P. Droher and Sons v. Toushin*, 250 Minn. 490, 499, 85 N.W. 2d 273, 280 (Minn. 1957). (Emphasis added).

[7]  *Schneberger* at ¶21 (Emphasis added).

Oklahoma statutes make it clear:  Damages must be reasonable.

> Damages must, in all cases, be reasonable, and where an obligation of any kind appears to create a right to unconscionable and grossly oppressive damages, contrary to substantial justice, no more than reasonable damage can be recovered.[8]

The Court in *Schneberger* also noted that in a suit for money damages there is no requirement that the Plaintiffs use any of the monetary relief they seek to remediate the property. The *Schneberger* court observed:

> We recognize that nothing in a private injury award requires a plaintiff to apply the award to reclaiming the land.
>
> ***
>
> It is highly unlikely that the ordinary property owner would agree to pay $29,000 (or its equivalent) for the contraction of 'improvements' upon his property that would increase its value only about ($300) three hundred dollars.[9]

Thus, Plaintiffs are bound by the rule set forth in *Garland*, *supra*, and *Schneberger*, *supra*, which limits their damages to the diminution in value of their Property, if any.

### C.  PLAINTIFF CAN PRESENT NO PROOF SO AS TO BE ENTITLED TO AN INSTRUCTION ON PUNITIVE DAMAGES.

Punitive damages may be awarded against a Defendant only upon proof that the Defendant was guilty of conduct evidencing wanton or reckless disregard for rights of another, oppression, or fraud or malice.[10]  The Oklahoma Supreme Court's Uniform Civil Jury Instructions state that punitive damages may only be awarded

---

[8]  23 O.S. § 97.
[9]  *Schneberger* at ¶32 (citations omitted).
[10]  23 O.S. § 9.

if Plaintiff proves that a Defendant's conduct amounts to fraud, oppression, malice, or wanton or reckless disregard of another's rights.[11]

As noted in *Slocum v. Phillips Petroleum Co.*, 678 P.2d 716 (Okla. 1983):

> The act which constitutes the cause of action must be actuated by or accompanied with some evil intent, or must be the result of such gross negligence - such disregard of another's rights - as is deemed equivalent to such intent.

*Id.* at 719.  Absent some showing of "evil intent" or "wanton disregard," submission of a punitive damages claim is improper.  *Willis v. Midland Risk In. Co.*, 42 F.3d 607, 615 (10th Cir. 1994).

The United States Supreme Court has held that punitive damages may violate a Defendant's due process rights under the United States Constitution.  *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991).

Plaintiffs should be required to demonstrate a proper evidentiary foundation for submission of punitive damages before being permitted to present evidence relating to such damages.  Plaintiffs can present no evidence to prove fraud, oppression, malice or wanton or reckless disregard of their rights.

### D.  PLAINTIFF CANNOT MAINTAIN A CLAIM FOR UNJUST ENRICHMENT OR TRESPASS.

ExxonMobil adopts and incorporates by reference the relief requested, the arguments and the authorities advanced by Duke Energy Field Services in its Motion for Partial Summary Judgment.

---

[11] OUJI CIV. 2d Ed., Instruction 5.5.

## CONCLUSION

ExxonMobil moves this Court to grant partial summary judgment and find, as a matter of law, that Plaintiffs' damages are limited to the Property's fair market value, that Plaintiffs cannot maintain a claim for unjust enrichment or trespass and that Plaintiffs are not entitled to a jury instruction on punitive damages.

Dated:  June 5, 2006                        Respectfully submitted,


                                            By:  /s/ Steven J. Adams
                                                Steven J. Adams, Okla. Bar #142
                                                Charles R. Willing, Okla. Bar #15873
                                                FELLERS, SNIDER, BLANKENSHIP,
                                                    BAILEY & TIPPENS, P.C.
                                                The Kennedy Building
                                                321 South Boston Ave., Suite 800
                                                Tulsa, Oklahoma 74103-3318
                                                Telephone:  (918) 925-5835
                                                Facsimile:  (918) 583-9659

                                                ATTORNEYS FOR DEFENDANT
                                                EXXON MOBIL CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on the <u>5th</u> day of June, 2006, I electronically transmitted the foregoing document "DEFENDANT EXXON MOBIL CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT," to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Kenneth R. Johnston, Esq.
Wes Johnston, Esq.
JOHNSTON & ASSOCIATES
118 North Fourth Street
Post Office Box "F"
Chickasha, Oklahoma  73023

Jayne Jarnigan Robertson, Esq.
JAYNE JARNIGAN ROBERTSON, P.C.
119 North Robinson Street, Suite 825
Oklahoma City, Oklahoma 73102

/s/ Steven J. Adams